THE PITCH PINE LUMBER COMPANY, A NEW JERSEY CORPORATION, *Plaintiff in Error*, v. THE GEO. E. WOOD LUMBER COMPANY, AN ILLINOIS CORPORATION, *Defendant in Error*.

1. When the failure to perform a contract to deliver a large quantity of lumber is due to the inability of the seller to obtain the lumber, and there is partial delivery under the contract after the time named therein, time is not of the essence of the contract, so that the parties thereto might not by their acts continue its life a reasonable time thereafter.

2. A slight delay on the part of the purchaser of lumber to be shipped in large quantities if it constitute a breach of the contract, may be waived for valuable consideration.

3. Mutual exchange of courtesies, binding on neither party, though customary at a port, does not become of binding force upon a contract there made.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter*, for Plaintiff in Error;

*Maxwell & Reeves* for Defendant in Error.

COCKRELL, J.—This is an action for breach of a simple contract to deliver,950,000 feet of long leaf pine lumber originally made in April, 1905, between the plaintiff in error and the Sanford Lumber Company and subsequently assumed by the defendant in error. There was verdict and judgment for the defendant.

The material portions of the contract are the delivery of the lumber of certain specifications as to sizes and quality free along vessel at Pensacola at the agreed price of twenty dollars per thousand feet, the said lumber "all to be well and truly manufactured * * * to be prepared with dispatch and ready in proper shipping condition for shipment not later than December, A. D. 1905." Under this contract only about two hundred thousand feet were delivered prior to December, 1905, but partial deliveries were made in April and September of 1906, which were accepted and paid for and in December of that year the defendant refused finally to make further delivery and declared the contract forfeited and at an end.

The assignments of error are numerous and present many interesting questions both of pleadings and of substantive law. We shall not, however, attempt to discuss them seriatim. The defense is put upon the theory that the plaintiff first breached the contract so as to relieve the defendant from obligation thereunder. There is a plea to the effect that the parties, prior to any breach, by mutual consent abandoned and dissolved the contract, but this plea is entirely overthrown by the evidence.

There was an attempt both to plead and to prove a custom of the port of Pensacola, as to the respective duties of the parties to similar contracts, but it would appear that these "duties" were not binding, merely

mutual courtesies of give and take, which might be followed or not at the option of either party.

At no time did the party contracting to sell have the quantity and class of lumber called for and the letters written by that party are abundant evidence of this fact and of its eagerness to be relieved of a bad bargain, the price of lumber having increased about one half. Under the alleged "custom" perhaps there was a request from the seller that the buyer accept a partial shipment in December, 1905, which was by mutual consent postponed to a later date by reason of the failure of a vessel chartered by the buyer to arrive in Pensacola, but there was no pretense of a demand that the buyer accept the balance of the lumber or any portion thereof, and it is clear from the evidence that the seller did not have accessible the logs from which the lumber could be manufactured.' The utmost good feeling obtained between the parties at that time and for months thereafter, both wishing to make the loss as light as possible and in view of this the buyer would purchase other lumber from defendant's mill to help along.

The admission of liability on the contract subsequent to 1905 and the inability to carry out its provisions by the delivery of the lumber continued at various times during 1906, until suddenly in December came the denial of liability. The mistake as to its legal rights, if such it was, cannot now avail the defendant. It is evident that neither party treated time as of the essence of the contract, the slight delay in its preparation for the reception of the partial shipment by the plaintiff injured no one, there was no misunderstanding as to any fact and with full knowledge of the exact status both parties making material concessions, agree to keep the contract alive after the expiration of the time named for its complete performance.

Upon the record before us we can find no breach of the contract committed by the plaintiff such as to destroy its right of action thereon and the judgment is reversed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.