SHANNON, Judge.
This is an appeal from a summary judgment entered against the appellant, who was defendant in the court below. We have not been favored with a brief on behalf of the appellee in this case.-
On March 9, 1959, the plaintiff, L. P. Gunson & Company, filed a bill of complaint, seeking a money judgment for watermelon seeds sold and delivered to the defendant. The defendant filed a motion to dismiss, which was denied. The defendant thereupon filed his answer and counterclaim, and the plaintiff filed motions to strike both of these pleadings. While these motions to strike were still pending, the plaintiff filed a motion for summary judgment on August 20, 1959. From the record, the summary judgment for the plaintiff was entered the next day. The order granting summary judgment recites that the court considered the plaintiff’s previous motions to strike the answer and counterclaim; granted these motions; and, having done so, granted summary judgment.
The answer and the counterclaim of defendant both deny plaintiff’s claim, and, in his counterclaim, the defendant seeks judgment against the plaintiff. Nowhere do we observe that the plaintiff has attached proofs to any of his pleadings, nor has he filed an affidavit to substantiate his claim. The complaint was unsworn and no statement of account was attached to it. The answer and the counterclaim may not be technically correct, but the facts which are stated therein are directly contrary to the wording of the complaint.
 Rule 1.36(a), Fla.R.Civ.Pro., 30 F.S.A., allows summary judgment to be granted without supporting affidavits. However, it is well established that the moving party must show that there is no genuine issue of fact, and further show that he is entitled to judgment as a matter of law. Palov v. Florida Power & Light Co., Fla.App.1958, 107 So.2d 780. If a doubt exists it- must be resolved iñ favor of the non-moving party. Ormsby v. Ginolfi, Fla.App.1958, 107 So.2d 272. See also Owens v. MacKenzie, Fla.App.1958, 103 So.2d 677. In view of this, we feel that the court’s action in granting a summary judgment to the plaintiff was premature.
The order of August 21, 1959, is-, hereby reversed insofar as it awards a summary judgment to the plaintiff. As to the defendant’s answer and counterclaim, opportunity to amend should be granted.
Reversed.
KANNER, Acting Chief Judge, and' MURPHREE, JOHN A., Associate Judge,, concur.