139 So.2d 489 (1962)
The NATIONAL EXHIBITION COMPANY, Appellant,
v.
Ben BALL, As Trustee, Appellee.
No. 2441.
District Court of Appeal of Florida. Second District.
March 30, 1962.
Mack N. Cleveland, Jr., Harold F. Johnson, Sanford, for appellant
H. Russell Troutman, Akerman, Turnbull, Senterfitt & Eidson, Orlando, for appellee.
ALLEN, Acting Chief Judge.
This is an appeal from a summary final decree entered in favor of plaintiff-appellee. Therein the lower court determined that there was no issue of material fact and that plaintiff was entitled to have an equitable vendee's lien declared on certain property to *490 secure the return of a deposit plaintiff had put down toward the purchase of said property.
On September 13, 1960, plaintiff contracted to purchase the Mayfair Inn in Sanford, Florida, from defendant-appellant. Plaintiff deposited $30,000 with an escrow, Florida State Bank of Sanford, as a deposit on account for the purchase of the real property in question. The purchase contract provided that defendant would furnish on or before September 26, 1960, an abstract or a commitment of title insurance showing its title to be good and marketable. Said marketable title clause in the contract further provided:
"* * * but in the event that the title shall not be found good and marketable, the seller agrees to use reasonable diligence to make the said title good and marketable, and shall have a reasonable time to do so, and if after reasonable diligence on his part said title shall not be made good and marketable within a reasonable time, the seller shall return the * * *." (Emphasis supplied.)
In short, the seller was to return the deposit. A copy of a letter appearing at page 28 of appellant's appendix shows that plaintiff deemed the contract breached and sought its termination and return of the deposit on October 12, 1960.
The contract was never fulfilled because plaintiff contended that defendant breached its terms by failing to furnish on or before September 26, 1960, an abstract or a commitment of title insurance showing good and marketable title.
Plaintiff filed suit in equity against defendant requesting the court to declare defendant in default under the contract, declare an equitable lien on the property in question in favor of plaintiff to the extent of the deposit money paid by plaintiff, and, upon the failure of said deposit money being returned, order the property sold to effect the return of the deposit. Defendant's failure to furnish an abstract or title insurance commitment on September 26, 1960, is the alleged breach of contract on which plaintiff based his demand for return of the deposit money or in the alternative, foreclosure of his vendee's lien.
Defendant answered, admitting that it did not furnish an abstract or commitment of title insurance. Defendant also affirmatively pleaded the defenses of waiver and estoppel and counterclaimed for damages.
Plaintiff moved for summary decree supported by the affidavits of plaintiff and Seymour J. Simon, an attorney who represented plaintiff in the real estate transaction at issue. Plaintiff's affidavit in effect reaffirmed the allegations in the complaint. Simon's affidavit also reaffirmed the complaint and in addition stated that plaintiff had not conducted himself in any manner which constituted a waiver of defendant's obligation to furnish an abstract or title insurance commitment on September 26, 1960.
In opposition to the motion for summary decree defendant produced the affidavits of John Krider, Edgar P. Feeley and Arthur J. Flynn. Krider's affidavit in essence stated that plaintiff had taken over the Mayfair Inn, the subject of the contract, and had announced publicly through press releases and otherwise that he was the new owner. Feeley's affidavit stated that he was attorney for and treasurer of defendant corporation; that during negotiations plaintiff was anxious to take over the property and appeared satisfied with the state of the title as represented during said negotiations; that plaintiff had had a heart attack and was known to be dissatisfied with the property and wanted a technicality to get out of the contract; that, upon receipt of the termination letter from plaintiff's attorney on October 12, 1960, affiant discussed the matter with plaintiff's attorney and thereafter furnished him an abstract in which affiant knew of no incurable effects; and that there has been no breach since the contract permits a reasonable time to furnish good and marketable *491 title if not so furnished by September 26, 1960. Flynn's affidavit states essentially that subsequent to negotiations plaintiff conducted himself as the owner of Mayfair Inn.
The lower court granted plaintiff's motion for summary decree and entered a summary final decree from which defendant has instituted this appeal.
On appeal, defendant-appellant challenges the entry of the summary final decree and asserts that such was error in that there still exists in the cause a genuine issue of material fact as to the affirmative defenses of estoppel and waiver.
As indicated, the lower court had before it the affidavits and, in addition, the pleadings. We feel, that these documents, viewed as a whole, show an issue of fact remaining in the cause that cannot properly be disposed of on motion for summary decree. In this connection appellant has correctly stated the principle to be followed by the court: that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all material facts. Tarkoff v. Schmunk, Fla. App. 1959, 117 So.2d 442; Majeske v. Palm Beach Kennel Club, Fla.App. 1959, 117 So.2d 531, cert. denied, Fla., 122 So.2d 408. We feel the appellee failed to carry this burden.
If a doubt exists as to the existence or non-existence of a material fact, such doubt must be resolved against the party moving for summary judgment. Manning v. Clark, Fla. 1954, 71 So.2d 508; Baker v. Cox, Fla.App. 1960, 120 So.2d 214, cert. denied, Fla., 122 So.2d 778.
In his brief the appellee urges that the affidavits of Krider, Feeley and Flynn produced by appellant in opposition to the motion for summary decree were insufficient to establish a waiver on the part of appellee of the condition in the contract to furnish an abstract, etc., on or before September 26, 1960. Under the rule enunciated above it was not incumbent upon appellant to do so. Appellant affirmatively alleged that appellee had waived the requirement to furnish an abstract, etc., by September 26, 1960, and is therefore estopped to set up the failure to do so as a breach of the agreement. In his affidavits in support of his motion for summary decree, appellee in effect produced no more than a mere denial of said defense. These affidavits contained no additional uncontroverted information which would demonstrate clearly the absence of any genuine issue of material fact on the question of plaintiff's alleged waiver of the condition to furnish an abstract, etc. The existence vel non of the alleged waiver was therefore still squarely at issue and by entering a summary decree in favor of plaintiff, the lower court in effect tried the case which was not within its office to do in ruling on a motion for summary decree. Whitehall Realty Corp. v. Manufacturers Trust Co., Fla. 1955, 81 So.2d 475; Owens v. MacKenzie, Fla.App. 1958, 103 So.2d 677; Ramagli Realty Co. v. Speier, Fla.App. 1959, 110 So.2d 71; and Remington v. L.P. Gunson & Company, Fla.App. 1961, 125 So.2d 885.
Since a genuine issue of material fact exists without reference to defendant-appellant's affidavits in opposition to the motion for summary decree, their sufficiency or insufficiency is of no moment in making disposition of this appeal. Moreover, in opposing a motion for summary judgment, the non-moving party is not required to present his entire case on the allegations he hopes to establish but need only demonstrate a good faith intent to offer proof of facts presenting triable issues. Williams v. Board of Public Instruction, Fla. 1952, 61 So.2d 493; Feiner's Organization, Inc. v. Dickson, Fla.App. 1959, 114 So.2d 513. Under the particular circumstances of this case, appellant's affidavits in opposition to the motion for summary decree were surplus documents since the affidavits in support of said motion amounted to no more than a denial of facts alleged in a defensive pleading. A non-moving party is not required to file counter affidavits in order to *492 defeat a motion for summary judgment. In the case of Chereton v. Armstrong Rubber Company, Fla. 1956, 87 So.2d 579, the Florida Supreme Court in a per curiam opinion stated at 580:
"The defendant's answer to plaintiff's complaint raised an issue of fact that was not met by plaintiff's affidavit in support of its motion for summary judgment. So, regardless of the insufficiency of defendant's counter-affidavit, there remained a genuine issue of fact which should have been tried by a jury." (Emphasis supplied.)
In Williams v. City of Lake City, Fla. 1953, 62 So.2d 732, the non-moving party against whom summary judgment was entered failed to file any counter affidavits. On appeal she was, nevertheless, successful in obtaining a reversal of the judgment on the ground that there remained in the cause genuine issues of material fact which were improperly disposed of on motion for summary judgment.
In sum, "The rules authorize, but do not require, * * * affidavits * * * by a party against whom summary judgment is sought * * *." 30 Fla.Jur., Summary Judgment § 15; F.R.C.P. 1.36(c), 30 F.S.A. A genuine issue of material fact existed in this cause pertinent to the question of plaintiff's waiver by conduct of the breach alleged, which issue was raised by the defensive plea and not clearly refuted by affidavit or otherwise. It was error to dispose of this issue on motion for summary judgment.
The breach of contract alleged in the instant case is the defendant's admitted failure to furnish an abstract of title or a commitment of title insurance on or by a specified date. Although neither party to this appeal discusses it, we feel that an additional genuine issue of material fact exists as to whether the parties intended such performance on time as an essential constructive condition of the contract. Whether or not time was of the essence in the instant contract, while an appropriate consideration in determining if the contract was in fact breached in the first instance, is as well a pertinent issue of material fact going to any waiver vel non by plaintiff of defendant's obligation to furnish an abstract or title insurance commitment on time.
We note with reference to the previously-herein-set-forth marketable title clause in the contract that the parties did contemplate that an abstract of title, if marketable, was to be furnished by September 26, 1960. However, the exculpatory portion of said clause indicates that plaintiff was willing to wait a reasonable time thereafter for the abstract should title on the crucial date not be marketable. The fact that the plaintiff desired an abstract or commitment of title insurance showing "title to be good and marketable" by a certain date, but at the same time was willing to wait a reasonable time thereafter for said title to be made good and marketable in the event of a cloud certainly raises the question of how essential performance on time was deemed by the plaintiff.
The modern trend of decisions concerning brief delays by one party in performance of a contract or conditions thereunder, in the absence of an express stipulation in the contract that time is of the essence, is to not treat such delays as a failure of a constructive condition discharging the other party unless performance on time was clearly an essential and vital part of the bargain. Generally, as to land sale contracts, time is not of the essence for the reason that no substantial injury will normally result from the breach of a time term and it is therefore just to enforce the contract with due allowance for any damage rather than to discharge the party aggrieved by the failure to perform strictly on time. Simpson, Contracts § 125 pp. 449, 452.
In equity time is not ordinarily regarded as of the essence in the absence of an express stipulation to that effect. Chabot v. Winter Park Co., 1894, 34 Fla. 258, 15 So. 756; Tate v. Pensacola, Gulf, Land & Development Co., 1896, 37 Fla. 439, 20 So. 542; Acosta v. Anderson, 1908, 56 Fla. *493 749, 48 So. 260; Realty Securities Corp. v. Johnson, 1927, 93 Fla. 46, 111 So. 532. This lack of strictness in equity toward time conditions seems, however, to amount to no more than a series of equitable results in given cases where the failure to perform strictly on time substantially prejudiced no one. In other words, even in equity, there is not a universal rule on the breach of a time condition and each case involving a failure to strictly perform on time must be judged by its own circumstances. Realty Securities Corp. v. Johnson, supra.
In an action for damages at law, the failure to perform on time has been treated as waived by the aggrieved party when neither party in their dealings in respect to the contract treated time as of the essence. Pitch Pine Lumber Co. v. Geo. E. Wood Lumber Co., 1909, 57 Fla. 140, 48 So. 993.
Assuming nothing in a contract making time essential it can be made so after the time for performance has arrived by the party not in default making a demand and giving notice that the other party perform within a reasonable time. Felt v. Morse, 1920, 80 Fla. 154, 85 So. 656; Lang v. Horne, 1945, 156 Fla. 605, 23 So.2d 848.
In the instant case, the only action on the part of plaintiff which can reasonably relate to a demand for timely performance is evidenced by the letter written to defendants by plaintiff's attorney on October 12, 1960, terminating the contract for defendant's failure to furnish an abstract, etc. by September 26, 1960. Even if this letter arguendo amounts to a demand for timely performance, under the cases just cited the defendant would still have a reasonable time after the demand in which to comply. The affidavit of Edgar P. Feeley states in effect that an abstract was furnished plaintiff's attorney shortly after receipt by defendant of plaintiff's termination letter dated October 12, 1960.
From all of the foregoing, it is apparent to this court that there are substantial genuine issues of material fact arising from the pleadings, affidavits and exhibits pertaining not only to the question of plaintiff's waiver by conduct of the alleged breach but as well to the question of whether or not the failure to deliver an abstract, etc., on time amounted to a breach at all which would justify a complete forfeiture of defendant's rights under the contract.
The decree appealed from is reversed for further proceedings before the chancellor not inconsistent with this opinion.
Reversed.
KANNER and WHITE, JJ., concur.