ROGER A. BARKER, Associate Judge.
This is an appeal from a final summary decree entered in favor of appellees, who were defendants below, on a suit for specific performance of a contract for the purchase and sale of realty located in Bre-vard County, Florida.
It appears from the record that on November 30, 1961, the plaintiffs below and defendants below entered into a ninety day option to buy contract concerning realty owned by the defendants. On February 27, 1962, plaintiffs exercised their option to purchase by notifying the defendants and delivering the required sums of money to the real estate brokers for the defendants. *505 Thereupon defendants in due time furnished an abstract to plaintiffs for examination of title. In due course of time plaintiffs objected to certain defects in the title and requested defendants to clear them of record. Thereupon there arose a dispute, as so often happens, as to whether the objections to the title were of any consequence as to effect the title. An impasse developed between the parties over their respective contentions concerning the condition of the title to the land.
On August IS, 1962, the defendants, through their attorney, wrote to plaintiffs advising them that defendants were tendering the title and if not acceptable all monies paid by plaintiffs would be refunded. On the other hand if plaintiffs wanted to accept the title then a mutually acceptable closing date in accordance with the option agreement would be arranged. On August 25, 1962, defendants’ attorney notified plaintiffs that since defendants had not received any reply for the purpose of arranging a closing date within ten days from August IS, 1962, defendants considered the agreement and option at an end.
On August 28, 1962, plaintiffs advised the defendants’ attorney that they were willing to complete the purchase of the property on September IS, 1962, at a designated time and place at Cocoa, Florida. The next day the defendants again informed plaintiffs that no further time for closing the transaction had been extended and the transaction was at an end. Thereafter this suit was instituted.
To the complaint filed the defendants interposed several defenses in their answer. Then followed a motion for a summary decree in favor of defendants which was granted. In granting the final summary decree the chancellor found “that one or more of the defenses in the answer are legally sufficient defenses and are affirmed and uncontroverted by the evidence before the court and, therefore, there is no issue as to any material fact and the defendants are entitled to a summary final decree in their favor as a matter of law * *
The record fails to reveal which defense or defenses the chancellor had in mind as being legally sufficient and on which he determined there was no issue of any material fact.
In their complaint plaintiffs alleged that they complied with each and every stipulation and condition precedent found in the contract, that the contract had no provision therein making time of the essence thereof and that the defendants had no right to declare the contract void by reason of the plaintiff’s failure to strictly comply therewith.
In their answer the defendants denied that the appellants complied with each and every stipulation and condition precedent found in the contract and interposed defenses of laches and undue delay.
In analyzing the affirmative defenses interposed the main point evolves as to whether or not the defendants had the right to declare the contract at an end after first demanding an acceptance by the plaintiffs of the questioned title within ten days.
An examination of the contract reveals that it was entered into on November 30, 1961. By its terms it was agreed that the purchasers had 90 days in which to exercise their option to purchase. In such event the sellers had 45 days to furnish an abstract of title. The purchasers had 60 days to examine the abstract. The contract then provided :
“ * * * if said abstract shows a merchantable title or one satisfactory to op-tionees then optionees agree to close the transaction within 10 days, complete the necessary payment, execute and deliver the necessary note and mortgage and seller agree to execute and deliver a deed conveying the real estate by deed of general warranty, free and clear of all liens and incumbrances, except rights of way or any existing State or County roads, power lines and taxes for the then current year which are to be prorated as of the date of delivery of deed.
*506 “In the event optionees or their attorney or title company shall find objections to the title, then such objections are to be pointed out in writing and sellers are to have 120 days to remove or obtain release of such defects as may be pointed out.
“If such defects and objections are removed and the title rendered merchantable or satisfactory to optionees then the transaction shall be closed in accordance with the terms herein set out within 10 days: or if optionees or their assigns shall fail to close the transaction, pay the balance as required above or execute the note and mortgage then the deposit paid shall be forfeited as liquidated damages. * * $»
A careful examination of the record reveals material issues of fact, namely:
1. Whether or not the title was merchantable. There is no evidence in the record that the bill of sale of Marl had been cleared of the public records by the defendants as requested by the plaintiffs.
2. Whether or not the ten day period of time demanded by defendants’ letter of August 15, 1962, was a reasonable time in which plaintiffs had to accept the title and consummate the purchase under the factual circumstances then existing.
Time was not of essence in the contract and unless stated so to be it is not so regarded in a court of equity. See Southern Life Insurance and Trust Company v. Cole, 1852, 4 Fla. 359; Chabot v. Winter Park Co., 1894, 34 Fla. 258, 15 So. 756.
“While time may not be of the essence of the original contract, the principle is well established that where one party to a contract is guilty of laches and negligence to perform the same, and the time for performance has passed, the other party may, by giving notice, fix a reasonable time for the performance of the contract, and has the right to treat the contract as abandoned if not complied with in such limited time.” Chabot v. Winter Park Co., supra, 15 So. 758.
“In order that such a notice have the effect to put a limitation upon the time for the performance of a contract, the time fixed for the performance of the contract should be a reasonable time within which to do the act required. There cannot, in the nature of things, be any fixed rule as to what constitutes a reasonable time in such cases. It must depend upon the facts of each particular case.” Ibid.
In the case of National Exhibition Company v. Ball, 139 So.2d 489, at pages 492-493, our District Court of Appeal, Second District, speaking through Chief Judge Allen, stated:
“The modern trend of decisions concerning brief delays by one party in performance of a contract or conditions thereunder, in the absence of an express stipulation in the contract that time is of the essence, is to not treat such delays as a failure of a constructive condition discharging the other party unless performance on time was clearly an essential and vital part of the bargain. Generally, as to land sale contracts, time is not of the essence for the reason that no substantial injury will normally result from the breach of a time term and it is therefore just to enforce the contract with due allowance for any damage rather than to discharge the party aggrieved by the failure to perform strictly on time. Simpson, Contracts, § 125 pp. 449, 452.

“Assuming nothing in a contract making time essential it can be made so after the time for performance has arrived by the party not in default making a demand and giving notice that the other party perform within a reasonable time. Felt v. Morse, 1920, 80 Fla. 154, 85 So. 656; Lang v. Horne, 1945, 156 Fla. 605, 23 So.2d 848.” (Emphasis supplied.)
In the case before us there remains an issue of material fact as to whether or not *507 the abstract furnished plaintiffs revealed a merchantable title or one satisfactory to the plaintiffs. There also remains the issue of fact as to whether defendants had cured the defects objected to by plaintiffs prior to defendants’ notice of August 15, 1962, so as to place them in a position to make the demand to close the transaction.
The decree appealed from is reversed for further proceedings before the chancellor not inconsistent with this opinion.
Reversed.
ANDREWS, Acting C. J., and WIGGIN-TON, JOHN T., Associate Judge, concur.