PER CURIAM.
The appellants, who were the plaintiffs below, seek reversal of an adverse judgment, entered following a non-jury trial. Thereby, plaintiffs’ claim for specific performance of a real estate sales contract was denied. We hold no reversible error has been shown, and affirm.
On November 8, 1968, the plaintiffs Nathan Siegel and Melvin Fisher (as purchasers) entered into a written contract with Dorothy Rose Gillman (as seller) joined by her husband, Isidor Gillman, for the sale of certain described improved real property. The contract, which did not state that time should be of the essence, fixed November 1, 1969, as the date for closing the sale. When that time arrived, the seller requested and obtained a stipulation extending the time for closing to January 2, 1970. Thereafter, the seller requested, and obtained from the purchasers, seven further extensions of time for closing. By the last of those extensions, the closing date fixed was October 1, 1975. No closing occurred on or before that date.
More than a year later, on December 17, 1976, the purchaser Fisher sent a letter to the seller referring to the prior extensions which had been made at the seller’s request, and stating as follows:
“If you desire a further extension, sign the enclosed Stipulation of Extension and return to this office within ten days; otherwise we shall assume that you do not desire a further extension and will accordingly set a closing date.”
Replying thereto through an attorney by letter, the seller informed the purchasers that the matter had been in default since October 1,1975, and that she did not intend to sell the property at the 1968 contract price. Thereafter, on February 1, 1977, the purchasers filed this action for specific performance.
Under this land sales contract, where time was not made of the essence, the purchasers who did not close on or before the last fixed closing date, would have been entitled to close thereafter, provided a tender or demand to close would be made by the purchasers promptly, that is, within a reasonable time. Where more than a year elapsed after the closing date of October 1, 1975, before the purchasers took any action, the action they took was not a demand or effort to close the sale. Their first action of that character was later in February of 1977, when they filed a suit to enforce the sales contract. That unreasonable delay by the purchasers, after the closing date, was sound basis for the trial court’s denial of their claim for specific performance. Asia v. Hiser, 38 Fla. 71, 20 So. 796, 798-799 (1896); Hathcock v. Societe Anonyme La Floridienne, 54 Fla. 631, 45 So. 481 (1907); Greenfield v. Bland, 99 So.2d 727 (Fla. 3d DCA 1958); Perry v. Benson, 107 So.2d 213 (Fla. 3d DCA 1958).
Judgment affirmed.