409 So.2d 103 (1982)
Seymour BLAUSTEIN and Miriam Blaustein, His Wife, Appellants,
v.
Irving WEISS and Rhea Weiss, His Wife, Appellees.
No. 80-1766.
District Court of Appeal of Florida, Fourth District.
January 20, 1982.
Rehearing Denied February 25, 1982.
*104 Ira S. Silver of Silver & Silver, Miami, and Irving B. Levenson of Sibley, Giblin, Levenson & Glaser, Miami Beach, for appellants.
Clifford A. Schulman of Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A., Miami, for appellees.
GLICKSTEIN, Judge.
This appeal is from a final judgment denying specific performance. We reverse.
In the spring of 1978 appellants entered into negotiations with appellees for the purchase by appellants of a condominium unit in Broward County. It took until July 24, 1978, for the parties to execute a deposit receipt contract for the unit that satisfied them. The form used by the parties is one side of one page in length and bareboned at best. It recited, inter alia, that the price was $26,500, that the transaction was subject to the purchasers' obtaining a new mortgage from Coral Gables Federal Savings & Loan Association, and that:
It is agreed that this transaction shall be closed and the purchaser shall pay the balance of the purchase price and execute all papers necessary to be executed by him for the completion of his purchase within 30 days from delivery or tender to him of an abstract of the said property; otherwise the sum this day paid shall be retained by the seller or agent as liquidated and agreed damages, and the parties hereto shall be relieved from all obligations under this instrument.
There was no provision that time was of the essence.
On August 23, 1978, appellants' attorney wrote appellees' attorney, acknowledging the parties' contract provided that he had thirty days from receipt of the abstract to close, and offering an escrow closing on a date convenient to the attorneys with the prorations to be as of August 15th. The record shows no response from appellees' attorney.
The abstract was delivered to appellants' attorney on August 25, 1978. On August 28th he had the abstract delivered to the savings and loan association from which appellants were obtaining their financing. On September 18, 1978, appellants' attorney sent to appellees' attorney documents to be executed by appellees in Pennsylvania, where they resided. He requested that a warranty deed and bill of sale be executed by appellees. Neither party had set a closing date by September 23rd, which was the 30th day following delivery of the abstract.
On October 5, 1978, appellants' attorney sent to appellees' attorney a closing statement and his trust check for $8,402.03, which sum, when added to the proceeds appellees would receive from the lender, represented the balance due appellees. Appellants' attorney recited that the enclosures were to be held in escrow pending delivery by appellees of a recorded deed, confirmation of the inventory of personal property being purchased and a certificate of approval executed by the condominium association. On October 10th appellants' attorney again wrote appellees' attorney, requesting that the executed deed be sent to the lender's attorneys. The following day appellees' attorney returned the trust check to appellants' attorney with a letter reciting that appellants had not complied with the time requirements of the contract and requesting the deposit of $500 made by appellants and held by their attorney. On October 16th appellants' attorney responded *105 to the letter from appellees' attorney, reciting that he had never been informed by appellees' attorney that time was of the essence.
Generally, time should be considered of the essence if any of the following instances apply:
1. Express recital in the parties' contract. Realty Securities Corp. v. Johnson, 93 Fla. 46, 111 So. 532 (1927); Fretwell v. Crisafulli, 185 So.2d 504 (Fla. 4th DCA 1966); National Exhibition Co. v. Ball, 139 So.2d 489 (Fla. 2d DCA 1962).
2. Where, from the nature of the subject matter or fluctuations in the value or from the terms of the agreement, the treating of time as a non-essential will produce a hardship, and delay by one party in completing or in complying with a term would necessarily subject the other party to serious injury or loss. Realty Securities, 93 Fla. 46, 111 So. 532.
3. An express notice, given by a party who is not in default to the other party who is in default, requiring the contract to be performed within a stated time, which must be a reasonable time according to the circumstances of the case. Asia v. Hiser, 38 Fla. 71, 20 So. 796 (1896); National Exhibition, 139 So.2d 489.
None of the foregoing instances apply in this case.
Appellees contend that appellants' attorney was on notice that time was of the essence by virtue of his letter of August 23rd. We disagree and are of the opinion that the letter simply traces the language of the deposit receipt contract and does not express an acknowledgment that time is of the essence.
At oral argument, appellees' attorney contended that the trial court was correct because of four conditions which existed. The first condition, was that no closing date had been set. The correspondence in the record from appellants' attorney makes it clear that he was waiting for the lender to set a date for closing. Moreover, the record is void of any communication from appellees' attorney in August and September designed to effect a closing or to demand a closing by a certain date. In Forbes v. Babel, 70 So.2d 371, 372 (Fla. 1953), the court said:
The law is well settled that the vendor cannot take advantage of a delay in performance which he condoned or was a party to. This is true when time is the essence of the contract. The evidence shows that there was no attempt at any time to cancel or close the contract though there was discussion between the parties about closing it several times. Waiver of performance was shown and no definite time was set for closing. There is no excuse given whatever for refusal to go through with the contract though the plaintiff was ready, able and willing to do so.
Appellants' letters of October 5th, 10th and 16th clearly comply with the point made in Siegel v. Gillman, 365 So.2d 1041, 1042 (Fla. 3d DCA 1978):
Under this land sales contract, where time was not made of the essence, the purchasers who did not close on or before the last fixed closing date, would have been entitled to close thereafter, provided a tender or demand to close would be made by the purchasers promptly, that is, within a reasonable time.
The second condition was that appellants did not tender the full purchase price with the letter of October 5th. Appellees knew in September that appellants were acquiring a new mortgage, that the lender had approved the loan and that the lender required documents from the seller prior to disbursement. The tender on October 5th was the sum above the mortgage proceeds due from appellants.
The third condition argued by appellees in support of the trial court's ruling was that appellants had not approved the inventory of personal property in the premises being purchased. This condition, however, was primarily for the purchasers' protection and could be waived.
The fourth and last condition was the absence of an executed consent from the *106 condominium association. Appellees knew that an earlier consent had been obtained and that obtaining another consent was merely a routine task.
Based on the foregoing, the judgment must be reversed and remanded for entry of judgment for appellants.
REVERSED and REMANDED.
ANSTEAD and HURLEY, JJ., concur.