727 P.2d 359

**David S. MILLER, Plaintiff/Appellant,**

**v.**

**LONG FAMILY PARTNERSHIP, an Arizona partnership, Defendant/Appellee.**

**No. 2 CA–CIV 5728.**

Court of Appeals of Arizona, Division 2, Department A.

July 1, 1986.

Review Denied Oct. 15, 1986.

L. Tipton Jackson, Tucson, for plaintiff/appellant.

Seefeldt & Neal by Michael M. Neal, Tucson, for defendant/appellee.

## OPINION

HOWARD, Presiding Judge.

This case involves a contract for the sale of real estate. The trial court, sitting without a jury and after making findings of fact, ruled against the plaintiff and in favor of the defendant, granting the defendant its attorney's fees and costs.

The findings of fact and the record disclose the following. On or about March 24, 1982, the plaintiff and defendant entered into a purchase agreement whereby the plaintiff agreed to purchase certain real estate from the Longs for the total sum of $110,000. Pursuant to the terms of the agreement, the plaintiff paid an earnest money deposit of $10,000. The agreement provided in part that the "closing date shall be on December 15, 1982." Contemporaneously with the execution of the purchase agreement, the plaintiff and the defendant entered into a lease agreement whereby plaintiff leased the premises from the defendant for $500 per month from May 15, 1982 through December 15, 1982. Pursuant to this lease, the plaintiff took possession of the premises and paid two months' rent.

Subsequent to the execution of the purchase agreement and the lease, and after plaintiff had taken possession of the premises, plaintiff stated to one of the members of the defendant partnership, Ivan Long, that he did not wish to proceed with either the lease or the purchase. Long advised plaintiff that the Long Partnership would not enforce the lease, but it would enforce the purchase agreement. After that conversation, the plaintiff never notified the defendant that he intended to proceed with the transaction or that he would require the defendant to close the transaction on December 15, 1982. In fact, several months prior to December 15, 1982, the plaintiff vacated and abandoned the premises.

On December 15, 1982, the date set for the closing, the plaintiff, without any notification to the defendant or the escrow, appeared at the escrow office with a cashier's check for $10,000, the balance of his downpayment which was due on closing. He advised the escrow agent that unless the sale was closed on that date, the transaction was rescinded. The members of the partnership were out of town on December 15, 1982, but would have been able to close on that date had they known, prior to leaving town, that plaintiff was going through with the sale.

When the Longs came back to Tucson they received notice of plaintiff's desire to close the sale. They appeared at the office of the escrow agent on December 16 or 17, and at that time executed all the documents necessary to close the sale. On December 16 or 17, notice was given to the plaintiff that the defendant wished to close the sale and that the partners had executed the necessary closing documents. Plaintiff was requested to close the sale but refused to do so and demanded the return of his $10,000 earnest money. The partnership refused to refund the money based upon the purchase agreement which provided:

"In the event Seller is able to convey marketable title to the premises as herein provided and Buyer neglects or refuses to comply with any conditions of sale as of closing date ... earnest deposit may be forfeited, and paid to the Seller as liquidated damages, and this contract, thereupon, shall be of no further binding effect."

The plaintiff thereupon filed this lawsuit contending that he was entitled to his $10,-000 deposit since the defendant refused and failed to close the sale on the date set forth in the contract, December 15, 1982. The trial court ruled in favor of the defendant partnership on the grounds, that since the contract did not specifically provide that time was of the essence and since the circumstances surrounding the transaction did not make time of the essence, the partnership had a reasonable time within which to close the transaction and that it was the plaintiff and not the defendant which breached the purchase contract by failing to close when demand was made to do so on December 16 or 17, 1982. We agree with the conclusions of the trial court and affirm.

■ In a land sale contract, time is usually not regarded as being of the essence. *Kresse v. Ryerson,* 64 Ariz. 291, 169 P.2d 850 (1946). When a contract for the sale and purchase of land does not make time of the essence as it relates to closing, a party can breach the contract only by refusing to perform after demand that closing take place at a reasonable time and place. *Henry v. Ecker,* 415 So.2d 137 (Fla.App.1982). In *Blaustein v. Weiss,* 409 So.2d 103 (Fla.App.1982), the court set forth when time should be considered of the essence in a contract for the sale of land:

"1. Express recital in the parties' contract. [citations omitted]

2. Where, from the nature of the subject matter or fluctuations in the value or from the terms of the agreement, the treatment of time as a non-essential will produce a hardship, and delay by one party in completing or in complying with a term would necessarily subject the other party to serious injury or loss. [citations omitted]

3. An express notice, given by a party who is not in default to the other party who is in default, requiring the contract to be performed within a stated time, which must be a reasonable time according to the circumstances of the case."

None of the foregoing instances apply in the case sub judice.

■ The plaintiff contends that by use of the word "shall" the parties made time of the essence as far as the closing date was concerned. We do not agree. A recitation in a contract for sale of realty that a certain act shall be done on or before a certain day does not make time of the essence. *Scheer v. Doss,* 211 Ga. 7, 83 S.E.2d 612 (1954).

This subject matter is also discussed in 3A Corbin On Contracts, § 716 (1951) where the author states:

"In an ordinary bilateral contract for the purchase and sale of land, the fact that a specific time is fixed for payment or for conveyance does not make 'time of the essence'—at least, it does not make performance at the *specified* time of the essence. Failure to pay at that time is not per se sufficient to terminate the seller's duty to convey; and failure to convey on the exact date does not per se discharge the buyer."

Pursuant to the terms of the contract for sale, the defendant is entitled to its attorney's fees on appeal. These fees will be determined upon the defendant's compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

HATHAWAY, C.J., and FERNANDEZ, J., concur.