760 So.2d 232 (2000)
TREASURE COAST, INC., d/b/a Sea Tow Treasure Coast, a Florida Corporation, Appellant,
v.
LUDLUM CONSTRUCTION CO., INC., a Florida Corporation, Appellee.
No. 4D99-3080.
District Court of Appeal of Florida, Fourth District.
May 17, 2000.
Rehearing Denied June 22, 2000.
*233 Michael J. McHale of Michael J. McHale, P.A., Jensen Beach, for appellant.
James A. Conway of Cohen, Conway, Copeland & Paiva, P.A., Stuart, for appellee.
SHAHOOD, J.
We reverse the trial court's denial of appellant's motion for final judgment following breach of settlement agreement and direct that final judgment be entered in favor of appellant.
This case involves a contractual dispute between the parties which settled at mediation. Appellee contracted with appellant to undertake the Containment and removal of petroleum contamination at a building construction site under appellee's control. Appellee failed to pay appellant for its services and appellant instituted proceedings against appellee for breach of contract, account stated, and quantum meruit in the amount of $54,708.36, plus interest for nonpayment of services.
Following court-ordered mediation, the parties reached an agreement and a written settlement agreement was executed by the parties on May 12, 1999 and filed with the court. The settlement agreement provided the following in relevant part:
1. Defendant shall pay the Plaintiff the total sum of $37,000.00 payable as follows: the first payment of $4,000.00 on or before June 1, 1999, and $5,000.00 on the first of each month until paid in full (final payment will be $3,000.00). If any payment is more than ten days late then the Plaintiff will be entitled to a judgment upon Affidavit against the Defendant for $65,000.00 less payments made.
Appellee tendered its June and July 1999 payments within the 10-day grace *234 period permitted under the contract. However, appellee's $5,000.00 payment due August 1, 1999 was received by appellant via Federal Express on August 17, 1999.
Because appellee tendered its payment in an untimely fashion, appellant moved for final judgment following breach of settlement agreement on August 19, 1999. Appellant maintained that it had not waived compliance with the contractual terms of the settlement agreement and that under the terms of the agreement, it was entitled to judgment against appellee in the amount of $65,000.00, less $14,000.00 which had been paid by appellee, for a total amount of $51,000.00. These claims were supported by affidavit.
On August 24, 1999, appellee filed its objection to appellant's motion. Appellee claimed that appellant's failure to receive the August 1999 payment was due to a clerical error. Nevertheless, appellee claimed that appellant accepted the late payment, that it cured any default, and that appellant waived its right to claim default under the stipulation. On August 26, 1999, appellant filed a second affidavit claiming that it did not accept payment and that the check was returned to appellee on August 24, 1999.
After a hearing on the motion, the trial court denied appellant's motion and held as follows:
IT IS ORDERED AND ADJUDGED that said MOTION is DENIED. Deft is responsible to pay 18% interest on the late payment. Entry of a judgment for full amt due to 17 days late payment made before any action taken shocks the conscience of the court.
We hold that the trial court erred in failing to enforce the unambiguous terms of the settlement agreement and in imposing its own remedy for appellee's breach. Settlements are highly favored as a means to conserve judicial resources, and will be enforced when it is possible to do so. See Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483 (11th Cir.1994); Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985). Settlements are construed in accordance with the rules for interpretation of contracts. See Robbie, 469 So.2d at 1385; Long Term Management, Inc. v. University Nursing Care Ctr., Inc., 704 So.2d 669, 673 (Fla. 1st DCA 1997). An agreement may be binding if parties agree on essential terms and seriously understand and intend to be bound by the terms. See Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 302 So.2d 404, 408 (Fla.1974).
In this case, the terms of the settlement agreement are clear and unambiguous. "If payment is more than ten days late then the Plaintiff will be entitled to a judgment upon Affidavit against the Defendant for $65,000.00 less payments made." Appellee's payment was more than ten days late where it was due on August 1, 1999 and received on August 17, 1999. Thus, appellee's payment was received seven days after the end of the grace period, and under the terms of the settlement agreement, appellant was entitled to move for final judgment. By agreement, the parties provided no other provision for curing the default. In the absence of an express agreement otherwise, a debtor owes his creditor nothing less than the unconditional delivery of money on or before the last day specified for payment. See Enriquillo Export & Import, Inc. v. M.B.R. Indus., Inc., 733 So.2d 1124, 1127 (Fla. 4th DCA 1999).
We reject appellee's argument that appellant waived its right to seek final judgment because it held onto the check for approximately one week after moving to enforce the settlement agreement. When commercial parties agree that the debtor shall pay the creditor on or before a specific date, time being of the essence, they mean exactly that. See Enriquillo, 733 So.2d at 1127. The debtor shall deliver money to the creditor on or before the due date. See id. There is almost always no such thing as "substantial performance" of payment between commercial parties *235 when the duty is simply the general one to pay. See id. Payment is either made in the amount and on the due date, or it is not. See id. Although the agreement in this case did not contain a "time is of the essence" clause, the terms in this agreement clearly contained the express provision for payment of a sum certain on a specific date. In providing appellant with a specific remedy, judgment for the entire amount due and owing in the event of nonpayment, the parties essentially agreed that time was of the essence. Accordingly, since payment was in fact made after the grace period, we reverse and remand with directions that judgment be entered in favor of appellant.
REVERSED AND REMANDED WITH DIRECTIONS.
STONE and FARMER, JJ., concur.