PER CURIAM.
AppellaiiVplaintiff, Nanci S. Landy, P.A., appeals an order vacating a final judgment entered' pursuant to a stipulated settlement agreement in a breach of contract action. We reverse.
Landy, an attorney, represented the ap-pellee Empire Marble and Granite, Inc. [client] in various legal matters under a representation contract in which the client agreed to pay a specified hourly rate for legal services. The agreement also provided for legal costs and attorney’s fees to be paid in the event of default and resulting legal action. When differences arose between the parties and the client refused to pay the full amount of the charges assessed against it, Landy filed suit on the contract. The parties entered into a settlement agreement [agreement] in that litigation. Under that agreement, .the client was required to pay a reduced settlement amount in five equal monthly installments. The agreement contained specific language about the timeliness of the installment payments:
The first payment shall be due on September 20, 1999, with each successive installment due on the twentieth (20th) day of the following month by 5 p.m. Payment shall be made in cashier’s check to [Landy’s attorney] and delivered to [same] at his office [street address]. It is expressly understood by the parties to this agreement that these payment terms are absolute and that failure to strictly abide by them shall constitute a default under this Agreement. It is further understood that payments are due on the date indicated herein and that no grace period or notice of default shall be required. • This is a material condition of this, agreement.
Problems arose with the second (October) payment under the agreement. The cashier’s check was not received in the attorney’s office mail until October 25, 1999 — five days late. In' accordance with paragraph 3 of the agreement, which provided for judgment in the event of default by the client, Landy moved for entry of judgment in her favor in the full amount alleged due in the complaint. At the hearing on the motion, it was brought out that the postmark on the envelope in which the check was mailed was October 23, 1999 (three days after the due date). The trial court accepted defense counsel’s representation that he had “personally” placed the envelope in the mailbox on October 19, 1999, and he had no explanation for why the post office would take so long in postmarking it. The court nevertheless entered the requested judgment for Landy as required under the agreement in the event of default by the client. On motion for rehearing, however, the trial court vacated the final judgment it originally entered in favor of Landy.
We reverse based on the fact that the original entry of judgment in favor of Lan-dy was proper because the client clearly was in breach of a material requirement under the agreement when the October payment was not received by Landy’s attorney by October 20. The language of the settlement agreement did not authorize payment by mail. In fact, the unambiguous language used leads to the opposite conclusion — that payment was mailed at the client’s peril. In Security Ins. Co. of Hartford v. Puig, 728 So.2d 292, 294 (Fla. 3d DCA 1999), we stated that “[w]h'ere the contractual language is clear, courts may not indulge in construction or modification and the express terms of the settlement agreement control.” As to the use of the mail for delivery of contractually required payments, the Fourth District recently held in Enriquillo Export & Import, Inc. v. M.B.R. Indus., Inc., 733 So.2d 1124, 1126-27 (Fla. 4th DCA 1999), that placing a check in the mail did not constitute payment unless the agreement specifically defined payment as. such. The trial court was not free to rewrite the express terms of the agreement of the parties regarding the required timeliness of payments and thereby excuse the client’s failure to properly perform its obligations.
*956 Reversed and remanded with directions to the trial court to reinstate the final judgment originally entered on October 21, 1999.