804 So.2d 351 (2001)
Joseph ROSE, Appellant,
v.
Kelley Christine DITTO f/k/a Kelley Ditto Rose, Appellee.
No. 4D00-2732.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
Rehearing Denied October 19, 2001.
Paula Revene of Paula Revene, P.A., Fort Lauderdale, for appellant.
Douglas H. Reynolds of Douglas H. Reynolds, P.A., Fort Lauderdale, for appellee.
POLEN, C.J.
Former Husband, Joseph Rose, timely appeals from a final judgment entered post-divorce which awarded Former Wife, Kelley Ditto, $62,788.75 in child support arrearages and prejudgment interest thereon, and $18,000 in attorney's fees and costs. Of the many issues raised in this appeal, one is dispositive. We hold that Former Husband's two-day delay in tendering Former Wife a $10,000 installment payment was not a material breach which triggered default of the parties' mediation agreement and, thus, reverse the awards.
In 1991, after eight years of marriage, the parties divorced. Their marital settlement *352 agreement, incorporated into the final judgment of dissolution of marriage, obligated Former Husband to pay Former Wife $3,000 per month in child support for their two minor children. In 1992, the trial court modified Former Husband's obligation to $1,000 per month, established that he owed $31,700 in arrearages as of March 31, 1992, and required him to pay $200 per month on the arrearages.
In 1997, the parties entered into an addendum to their marital settlement agreement. In this addendum, they agreed, among other issues, that Former Husband had paid down his prior child support arrearages to $22,395.86; that his monthly child support would be increased to $1,200; that $200 of the monthly child support payment would be applied toward his arrearages for the purpose of reducing such arrearages; and that Former Wife would abate the interest accruing on the child support arrearages so long as Former Husband complied with his obligations under the addendum. The addendum provided that in the event of Former Husband's default, Former Wife could seek payment of the $31,700 principal plus interest for unpaid child support.
In 1999, following a series of disputes, the parties attended mediation which culminated in an agreement between them. The agreement increased Former Husband's support obligation retroactively to $1,900 per month. As a compromise of Former Wife's claims, the parties also agreed to limit Former Husband's total arrearages to $20,000.[1] Former Husband agreed to pay this amount in two equal monthly installments, the first by July 1, 1999 and the second by August 1, 1999. The agreement provided that if payment was not made in accordance with this schedule, Former Wife could seek recovery of the "full amount of arrears plus interest."
Former Husband tendered the first $10,000 installment to Former Wife on July 3, 1999, two days late. She rejected the payment. He also tendered her the second installment on July 31, 1999. She also rejected this payment.
On August 25, 1999, Former Wife filed suit to recoup the original $31,700 in arrearages based on Former Husband's default in tendering the first installment two days late. Following an evidentiary hearing, the court determined that Former Husband's two-day delay in making the first installment payment constituted a material breach of the 1999 mediation agreement. It determined that the interest he owed accrued on the original arrearage ($31,700) and could not be waived. It awarded Former Wife this amount plus prejudgment interest thereon, and attorney's fees as well. This appeal followed.
In National Exhibition Co. v. Ball, 139 So.2d 489 (Fla. 2d DCA 1962), the second district observed,
The modern trend of decisions concerning brief delays by one party in performance of a contract or conditions thereunder, in the absence of an express stipulation in the contract that time is of the essence, is not to treat such delays as a failure of a constructive condition discharging the other party unless performance on time was clearly an essential and vital part of the bargain.
Id. at 492. In Blaustein v. Weiss, 409 So.2d 103 (Fla. 4th DCA 1982), this court held that time should be considered of the essence in three circumstances: (1) where there has been an express recital by the parties; (2) where the treating of time as a non-essential would produce a hardship, *353 and delay by one party in completing or in complying with a term would necessarily subject the other party to a serious injury or loss; and (3) where there has been an express notice given to the defaulting party requiring the contract to be performed within a stated time, which must be a reasonable time according to the circumstances of the case. Id. at 105 (citations omitted); accord Edward Waters College, Inc. v. Johnson, 707 So.2d 801, 802 (Fla. 1st DCA 1998)(applying the Blaustein factors to hold that without any express recital, time was not of the essence in the parties' settlement agreement).
Notwithstanding that none of the Blaustein factors are present in this case, Former Wife argues that this court's recent decision in Treasure Coast, Inc. v. Ludlum Construction Company, 760 So.2d 232 (Fla. 4th DCA 2000), is controlling and compels affirmance. In that case, the parties entered into a settlement agreement requiring the appellee construction party to make payments by a specific date. The agreement provided that "[i]f payment is more than ten days late then the Plaintiff will be entitled to a judgment upon Affidavit against the Defendant for $65,000.00 less payments made." The company was seven days late after the ten-day grace period had expired in making payment. This court held that even though the settlement agreement did not contain language specifying that time was of the essence, the untimely payment constituted a material breach of the agreement. Id. at 235. It explained,
When commercial parties agree that the debtor shall pay the creditor on or before a specific date, time being of the essence, they mean exactly that. The debtor shall deliver money to the creditor on or before the due date. There is almost always no such thing as "substantial performance" of payment between commercial parties when the duty is simply the general one to pay. Payment is either made in the amount and on the due date, or it is not. Although the agreement in this case did not contain a "time is of the essence" clause, the terms in this agreement clearly contained the express provision for payment of a sum certain on a specific date. In providing appellant with a specific remedy, judgment for the entire amount due and owing in the event of nonpayment, the parties essentially agreed that time was of the essence.
Id. at 234-35 (internal citations omitted).
Based on our de novo review of the parties' 1999 mediation agreement, we hold Treasure Coast is distinguishable. Unlike that case, the case at bar did not involve a commercial transaction nor did the mediation agreement specify that time was of the essence. Moreover, and unlike Treasure Coast, there was no grace period provided that would have put Former Husband on notice that any brief delay in payment would accelerate payments due or otherwise trigger total default. As such, we conclude the July 1, 1999 deadline was not absolute and, accordingly, we hold Former Husband's breach was not material.
Our reversal in this regard similarly requires reversal of the award of prejudgment interest as well. As far as Former Wife's award of attorney's fees, because we are reversing on the other points on appeal, we also reverse this award and remand it for reconsideration under Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
REVERSED and REMANDED for further proceedings consistent with this opinion.
STONE, J., and MARRA, KENNETH A., Associate Judge, concur.
NOTES
[1] The $20,000 amount represented a compromise of what the Former Wife claimed the Former Husband owed on the agreed-upon retroactive increase in his current monthly support obligation as well as the balance of his existing arrearage as determined in 1992.