831 So.2d 767 (2002)
HUFCOR/GULFSTREAM, INC., a Florida corporation, Appellant,
v.
HOMESTEAD CONCRETE & DRAINAGE, INC., a Florida corporation, and North American Speciality Insurance Company, a foreign insurer, Appellees.
No. 4D02-412.
District Court of Appeal of Florida, Fourth District.
November 27, 2002.
*768 David A. Higley of Higley & Barfield, P.A., Altamonte Springs, for appellant.
No appearance for appellees.
STEVENSON, J.
This case involves a contractual dispute between appellant, Hufcor/Gulfstream, Inc. (Hufcor), and appellees, Homestead Concrete & Drainage, Inc., and North American Speciality Insurance Company (collectively Homestead), which was settled by an agreement calling for the entry of a judgment upon default. Hufcor appeals the trial court's failure to strictly enforce the terms of the agreement upon appellees' *769 default. We find merit in Hufcor's challenge and reverse.
The City of Homestead, Florida, contracted with Homestead to act as its general contractor on a public construction project. North American was the surety for the project. Homestead subcontracted a portion of the construction project to Hufcor. Hufcor subsequently filed suit against Homestead, alleging that it was owed monies for work performed pursuant to the terms of the parties' contract, which Homestead failed to pay.
The parties attended mediation and were able to reach an agreement to their dispute. Under the agreement, Hufcor agreed to forego collecting the full $86,000 owed by Homestead and instead settle for $75,000, provided the payments were made pursuant to an agreed schedule. If the payments were not received when due, the agreement provided that Hufcor could give written notice of late payment. If the payment was not received within five days of the written notice, an agreed final judgment in the amount of $86,000, less the amounts paid, would be entered against Homestead. The agreement made time of the essence.
Homestead timely tendered the first two payments totaling $60,000. The third and final payment of $15,000 was to be delivered to Hufcor by November 27, 2001. Homestead failed to make this payment, and on November 29, 2001, Hufcor's attorney sent written notice of the late payment. On December 17, 2001, some eighteen days after the written notice was sent, Homestead made the third payment of $15,000. Later, Hufcor filed a motion for final judgment pursuant to the agreement, seeking a judgment of $26,000 ($86,000 less the amount paid, $60,000). After a hearing, the court awarded Hufcor $15,000, the amount that was tardily tendered. We find that the trial court erred in failing to enter judgment as agreed by the parties.
"It is well settled in this state that `[a] stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court.'" Johnson v. Johnson, 663 So.2d 663, 664-65 (Fla. 2d DCA 1995)(quoting Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla.1971)); see also Treasure Coast, Inc. v. Ludlum Constr. Co., 760 So.2d 232 (Fla. 4th DCA 2000). A settlement agreement should be strictly enforced where time is made of the essence, Rose v. Ditto, 804 So.2d 351 (Fla. 4th DCA 2001), the terms are otherwise clear and unambiguous, BMW of N. Am., Inc. v. Krathen, 471 So.2d 585, 587 (Fla. 4th DCA 1985); Nanci S. Landy, P.A. v. Empire Marble & Granite, Inc., 762 So.2d 954 (Fla. 3d DCA 2000), and no grounds for rescission or withdrawal are shown. See Johnson, 663 So.2d at 665.
The agreement expressly provided that "Time is strictly of the essence of this Stipulation for Judgment." An attempted performance in the form of a late payment does not cure the default where time is made of the essence in the agreement. Where the debtor agrees to pay the creditor on or before a specific date, time is of the essence, and the debtor is required to deliver money to the creditor on or before that date. See Enriquillo Export & Import, Inc. v. M.B.R. Indus., Inc., 733 So.2d 1124 (Fla. 4th DCA 1999). "There is almost always no such thing as `substantial performance' of payment between commercial parties when the duty is simply the general one to pay. Payment is either made in the amount and on the date due, or it is not." Id. at 1127.
Hufcor agreed to forbear its pending action so long as Homestead made the payments in accordance with the parties' *770 bargained-for agreement. Time was made of the essence and the terms were clear and unambiguous. Although we concede that the result seems harsh, since payment was not received within the grace period following the notice of default, Hufcor was entitled to a judgment of $26,000 ($86,000 less the amount paid, $60,000). Accordingly, we reverse and remand with directions that a judgment be entered in favor of Hufcor in the amount of $26,000, together with entitlement to interests, costs and fees as provided for in the agreement.
REVERSED and REMANDED.
WARNER and TAYLOR, JJ., concur.