849 So.2d 470 (2003)
SUBLIME, INC., Appellant,
v.
BOARDMAN'S INC., and Michael and Deborah Anderson, jointly and severally, Appellees.
No. 4D02-1403.
District Court of Appeal of Florida, Fourth District.
July 16, 2003.
Wayne Kaplan of Wayne Kaplan, P.A., Boca Raton, for appellant.
Michael Anderson and Deborah Anderson, Lauderhill, pro se.
STONE, J.
The issue in this appeal is whether the trial court correctly limited the amount of Sublime's judgment because the parties' settlement agreement did not specify that time was "of the essence." We reverse.
Sublime and Boardman's[1] entered into a three year commercial lease for premises *471 in Sublime's shopping center. Boardman's had financial trouble and fourteen months before its expiration, Sublime agreed to an early termination of lease by a settlement agreement that provided for the payment of a termination fee and that the lease would be terminated under the following conditions:
the above Termination Fee is paid by Lessee by the fifth of the month as follows:
02/01/01 $2,457.67
03/01/01 $2,457.67
04/01/01 $2,457.67
05/01/01 $2,457.67
Should Lessee default on any of the above payments the total rent for the remainder of the lease in the sum of $36,865.05 shall be immediately due and payable.
Boardman's failed to tender the payment due April 1st and Sublime sent Boardman's a letter demanding payment of the remainder of the lease as specified in the settlement agreement. Subsequently, eighteen days past due and thirteen days past the grace period, the defaulted payment was tendered by check and rejected.
Sublime sued for breach of contract, alleging that it was due $36,865.05. At the hearing, Michael Anderson, for Boardman's, testified that Sublime's practice under the original lease had been to give him three days to make up late payments. (The three day notice was given immediately upon failure to make payment on the date due.)
Because the settlement agreement did not specify that time was of the essence, the trial court entered a final judgment in favor of Sublime for only $4,915.34, the payments past due for April and May. On de novo review, we conclude that the trial court erred in deciding that Sublime's damages must be so limited.
To constitute a vital or material breach, a defendant's non-performance must be such as to go to the essence of the contract. Beefy Trail, Inc. v. Beefy King Int'l, Inc., 267 So.2d 853, 857 (Fla. 4th DCA 1972). In National Exhibition Co. v. Ball, 139 So.2d 489 (Fla. 2d DCA 1962), the Second District correctly observed,
The modern trend of decisions concerning brief delays by one party in performance of a contract or conditions thereunder, in the absence of an express stipulation in the contract that time is of the essence, is not to treat such delays as a failure of a constructive condition discharging the other party unless performance on time was clearly an essential and vital part of the bargain.
Id. at 492.
As a general rule, time is considered to be of the essence where an agreement specifies, or where such may be determined from the nature of the subject matter of the contract, or where treating time as non-essential would produce a hardship, or where notice has been given to the defaulting party requiring that the contract be performed within a stated time, which must be a reasonable time according to the circumstances. See Blaustein v. Weiss, 409 So.2d 103, 105 (Fla. 4th DCA 1982).
Here, although there was no provision expressly stating that time was of the essence, any delay in payment was sheltered by a built in five day grace period and the agreement clearly specified that upon default, the stated amount would be "immediately" due and payable. This was sufficient to put Boardman's on notice that failure to pay at the allotted time would result in a default and trigger the acceleration provision.
In Treasure Coast, Inc. v. Ludlum Construction Co., 760 So.2d 232 (Fla. 4th DCA 2000), this court reversed a trial court's *472 decision not to enforce the terms of a settlement agreement contract dispute. There, the agreement provided, in part:
1. Defendant shall pay the Plaintiff the total sum of $37,000.00 payable as follows: the first payment of $4,000.00 on or before June 1, 1999, and $5,000.00 on the first of each month until paid in full (final payment will be $3,000.00). If any payment is more than ten days late then the Plaintiff will be entitled to a judgment upon Affidavit against the Defendant for $65,000.00 less payments made.
Id. at 234. The defendant, Ludlum Construction, tendered its June and July payments within the ten day grace period; however, the $5,000 payment due August 1 was not received by the plaintiff until August 17, seven days after the expiration of the grace period. The trial court declined to enforce the settlement agreement on the ground that "[e]ntry of a judgment for full amt due to 17 days late payment made before any action taken shocks the conscience of the court." Id.
This court reversed, stating that the trial court erred in "failing to enforce the unambiguous terms of the settlement agreement and in imposing its own remedy for appellee's breach." Id. In so holding, this court explained the consequence of breach of a commercial contract where time is essentially made of the essence, notwithstanding the absence of a clause specifically so stating:
When commercial parties agree that the debtor shall pay the creditor on or before a specific date, time being of the essence, they mean exactly that. The debtor shall deliver money to the creditor on or before the due date. There is almost always no such thing as "substantial performance" of payment between commercial parties when the duty is simply the general one to pay. Payment is either made in the amount and on the due date, or it is not. Although the agreement in this case did not contain a "time is of the essence" clause, the terms in this agreement clearly contained the express provision for payment of a sum certain on a specific date. In providing appellant with a specific remedy, judgment for the entire amount due and owing in the event of nonpayment, the parties essentially agreed that time was of the essence.
Id. at 235 (citations omitted); see also Hufcor/Gulfstream, Inc. v. Homestead Concrete & Drainage, Inc., 831 So.2d 767 (Fla. 4th DCA 2002)(holding that since payment was not received within the grace period following the notice of default, appellant was allowed to collect full amount owed under mediation agreement).
In Treasure Coast, although lacking the precise Blaustein factors, the agreement indicated that the parties had essentially agreed that time was of the essence by the inclusion of a grace period before total default would be triggered, thereby placing the defaulter on notice that payment on the specified date was an essential part of the bargain. Here, the required notice is provided, in a commercial setting, by including both a five day grace period and the term "immediately." We also note that in this case, as in Treasure Coast, the contract in question was a settlement agreement, here resolving an impending default.
We have considered Rose v. Ditto, 804 So.2d 351 (Fla. 4th DCA 2001), and deem it inapposite. In Rose, a former husband owed $31,700 in child support arrearages. The parties entered into a post-dissolution of marriage mediation agreement in which they agreed to limit the amount of arrearages due to $20,000, payable in two equal installments. If payment was not made in accordance with the schedule, the former wife could seek recovery of the "full *473 amount of arrears plus interest." Id. at 352. The former husband made his first payment two days late. The former wife recovered the $31,700 owed, plus interest, and this court reversed, distinguishing the case from Treasure Coast. There, we recognized that the case did not involve a commercial transaction, nor did the agreement specify that time was of the essence and, unlike Treasure Coast, there was no grace period that would have put the former husband on notice that delay in payment would accelerate payments due. We, therefore, concluded that the breach was not material. Id. at 353.
The circumstances of this case are clearly more analogous to Treasure Coast than to Rose, where, here, the agreement in question is a commercial contract containing a grace period that put Boardman's on notice that delay in payment would accelerate the balance due. Therefore, the final judgment is reversed and remanded for entry of a modified judgment in favor of Sublime in accordance with this opinion.
WARNER and STEVENSON, JJ., concur.
NOTES
[1] Although Boardman's was barred from participating in the appeal by order of this court, Boardman's was the tenant in the lease.