921 So.2d 35 (2006)
James POLEZOES and Lois Polezoes, Appellants,
v.
Dennis BARTLETT, Appellee.
No. 4D05-647.
District Court of Appeal of Florida, Fourth District.
January 25, 2006.
Rehearing Denied March 17, 2006.
James Beagle of James Beagle, P.A., Fort Lauderdale, for appellants.
Michael J. Styles, Fort Lauderdale, for appellee.
FARMER, J.
The trial judge enforced a settlement agreement and one of the parties appeals. We write to address a novel argument. Appellants argue that the consequences of enforcing the parties' settlement agreement operates, for them, as a penalty. They also contend that time was not of the essence in the performance of the agreement.
The suit began when appellee sued to evict appellants from a home jointly occupied by all of them. Appellee had been *36 the title holder. Appellants countered with a claim for ownership through a constructive trust. The property was already covered by a mortgage loan, as to which appellee was the primary obligor, and so the ultimate victor in the litigation would end up with title to encumbered real estate. After months of litigation, with both sides having already incurred unrecoverable legal fees, appellants discharged their lawyer and entered into settlement negotiations with appellee and his counsel.
Ultimately they agreed to a settlement that would end their joint relationship in the realty.[1] Appellee agreed to sell the property to appellants for a net of $5,000 above the existing mortgage. The agreement specified that the closing and passage of title to appellants "shall occur" within 30 days of the date of their agreement. If through no fault of appellee the sale failed to occur within the 30 days, then appellants were required to execute and deliver to appellee a quitclaim deed to the property and dismiss their claim.
Appellants failed to close within 30 days. Instead they sent appellee some papers for a proposed new loan and mortgage as to which appellee would become a joint obligor. Appellants asked appellee for an extension of time to close. The current mortgage on the property was being paid by appellee at more than $2,000 per month. His $5,000, would-be net proceeds from the settlement sale were being reduced by each payment he was required to make after the settlement. He understandably declined. Because appellee did not seek to enforce the settlement agreement until some 64 days after the agreement, it is safe to say that appellants were late in performing by more than a mere few days.
On appeal, appellants make two arguments against enforcement of their own agreement. First they argue that the absence of a "time-is-of-the-essence" clause entitles them to a "reasonable" period of time to close beyond the 30 days. Second they argue that the effect of enforcement is to visit upon them a contractual penalty. Neither contention has merit.
As we said in Treasure Coast, Inc. v. Ludlum Construction Co., 760 So.2d 232 (Fla. 4th DCA 2000), "[i]n the absence of an express agreement otherwise, a debtor owes his creditor nothing less than the unconditional delivery of money on or before the last day specified for payment." 760 So.2d at 234. We also said: "Although the agreement in this case did not contain a `time is of the essence' clause, the terms in this agreement clearly contained the express provision for payment of a sum certain on a specific date." 760 So.2d at 235.
The settlement in this case, too, could not be clearer: appellants were required to close on the purchase within 30 days ("the sale shall occur ... and title shall pass ... within 30 days"). If they failed to do so without fault by appellee, then he was entitled to a quitclaim from appellants and dismissal of the lawsuit ("Should the closing not occur through no fault of [appellee] ... the [appellants] shall execute a Quitclaim Deed deeding the real property to [appellee]"). The settlement agreement did not give appellants a "reasonable" time beyond 30 days to close on their purchase. It gave them only 30 days, and it used the mandatory term "shall" to make that meaning clear. In other words, "the terms in this agreement clearly contained the express provision for payment of a sum certain on a specific *37 date." We have no trouble in construing the settlement agreement to implicitly make time of the essence.
The argument that the enforcement of the agreement operates as a penalty is strikingly ill-conceived. In Enriquillo Export & Import, Inc. v. M.B.R. Industries, Inc., 733 So.2d 1124 (Fla. 4th DCA 1999), the creditor under a settlement agreement explained that the terms of the agreement specifically included a "penalty" to encourage timely performance without further litigation. The penalty in that case involved payment of more than the settlement amount and actually appears to involve more than the amount being sought by the creditor in the litigation. We are unable to find a settlement result to be a penalty when the settlement outcome falls within the possible outcomes if the underlying case had gone to trial. The result here was just that  one of the possible outcomes if this case had been tried on its merits. If appellee had prevailed on his tenant eviction claim and appellees had lost on their counterclaim, they would have been exactly where they are today. Such a result cannot legally amount to a penalty under a settlement contract.
Affirmed.
STEVENSON, C.J., and MARX, KRISTA, Associate Judge, concur.
NOTES
[1] There was also a vessel involved in the litigation. We summarily affirm the trial judge's disposition as to it without further discussion.