340 So.2d 1285 (1977)
PENMONT ENTERPRISES, INC., a Florida Corporation, et al., Appellants,
v.
Sally DYSART et al., Appellees.
Nos. 76-951, 76-1602.
District Court of Appeal of Florida, Third District.
January 4, 1977.
Rehearing Denied January 21, 1977.
*1286 Krongold, Bass & Ruvin, Miami, for appellants.
Joseph Pardo, Miami, for appellees.
Before HENDRY, C.J., and PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Each of these two appeals is labeled interlocutory. The first seeks review of a final judgment of foreclosure. In their notice of appeal, the defendants state that "... this is not an appeal on the merits," but that the "... Order appealed from is the denial of Defendants' right to trial by jury... ." The second appeal seeks a review of "... the Judgment for Attorney's Fees... ." The appeals were consolidated for all appellate purposes. The appellees, plaintiffs below, have cross-assigned error in the second appeal claiming error in an order striking the names of certain defendants from those liable for plaintiffs' attorney's fees in the order allowing the fee.
The principal issue upon which the defendants claim a reversal of the final judgment of foreclosure is:
"On April 7, 1976, Defendants filed Motion for Jury Trial with Respect to Count III of Plaintiffs' Complaint for Cancellation and Rescission of Contract and requested a jury trial as to the set-offs it was claiming in their Counterclaim, for the amount due under the note was never disputed and it was admitted from the very first day of this litigation that no payments were made pursuant to the promissory notes."
It is urged that the court erred in denying a jury trial prior to final judgment in the foreclosure action on the counterclaim to count III. The record presented by the appellants in their appendix does not demonstrate that the non-jury trial of the equitable issues in the cause prior to the jury trial of the legal issues presented by the counterclaim deprived the defendants of any legal right. The procedure followed by the trial court was proper where the right to foreclose is demonstrated by the facts of the case. The defendants, having executed a purchase money mortgage and having received the possession of the business, have totally failed to make any payment on the indebtedness. The issues presented by count III of the complaint and the counterclaim thereto are severable and do not affect the right to foreclosure. See the rule stated in Commodore Plaza at Century 21 Condominium Association, Inc. v. Century 21 Commodore Plaza, Inc., 290 So.2d 539 (Fla.3d DCA 1974).
The remaining points in this appeal from the final judgment do not present reversible error.
Defendants' second appeal is from an order for attorney's fees entered after the final judgment. It is argued that because *1287 the whole litigation is not completed, no right to attorney's fees can have been established. In view of our holding on the appeal from the final judgment, it is clear that the right to an attorney's fee under the note and mortgage has arisen. The court has fully protected the defendants from any possible harm by an order that execution upon the order allowing an attorney's fee is stayed pending further litigation.
Plaintiffs' cross-appeal of the order allowing an attorney's fee urges error in that the court did not include as defendants liable for the fee contain defendants who were found by the court to be guarantors of collection as distinguished from guarantors of the debt. We do not have before us the evidence upon which this determination was made. Therefore, the factual finding of the court may not be reversed here. See Broward County Port Authority v. F.M. Rule & Co., 119 So.2d 82 (Fla.2d DCA 1960).
The final judgment and the order allowing an attorney's fee to the plaintiffs are affirmed.