PER CURIAM.
This is an appeal by Penmont Enterprises, Inc., and others from an adverse judgment of foreclosure and an order granting a new trial in a related action for damages.
The transaction which gave rise to this litigation was the sale in January of 1975 by Sally Dysart and Theodore Dysart of the corporate stock of two corporations (Dysart’s Pool & Patio World, Inc., and Dysart’s Swimming Pool Service, Inc.) to Pen-mont Enterprises, Inc., for a price of $440,-000. The sale contract provided for a $50,-000 down payment and for the balance to be evidenced by two promissory notes, one for $301,750 payable in eighty-four monthly installments of principal and interest, and the other for $88,250 payable in fifty-four such installments. The unpaid balance represented by the notes was secured by a chattel mortgage encumbering the existing and after acquired assets of the Dysart corporations, the stock of which was thus sold. The sale was closed and the required documents executed. No payments were made thereafter on the notes.
In the subsequent litigation involving these and other parties, the court made provision for trial of the foreclosure action separately from a jury trial to be held on other issues. On a prior appeal in this case, a final judgment of foreclosure was affirmed. Penmont Enterprises, Inc. v. Dysart, 340 So.2d 1285 (Fla. 3d DCA 1977).
The matter involved in appeal no. 77-194 has previously been disposed of by this court. By appeal no. 76-1783, appellants Penmont Enterprises, Inc., et al., seek reversal of an order entered after a jury verdict, by which a new trial was granted. The record of the trial proceedings has not been supplied. In the absence thereof, appellants have failed to show reason in law for reversal. See Cruz v. Beckham, 267 So.2d 853 (Fla. 3d DCA 1972).
By appeal no. 77-192, the appellants, Penmont Enterprises, Inc., et al., present questions relating to the judgment of foreclosure entered in the purchase money mortgage. It was conceded that no payments were made on the mortgage indebtedness as represented by the promissory notes, which were payable in monthly installments with no provision for acceleration of the balance of the indebtedness upon default. The final judgment of foreclosure was for the aggregate of the monthly installments which had become due prior to the filing of the foreclosure action plus those that matured thereafter, prior to the date of the judgment, for recovery of which the parties seeking foreclosure had alleged their default by amendment.
*516 Appellants contend it was error to grant summary judgment for the foreclosure; that the court erred in finding the corporations were not party to the stock sale agreements; that it was error to include in the foreclosure judgments the amounts of the installment payments which became due pending the foreclosure action; that there was no consideration for the mortgage of the assets of the corporations; and that it was error to retain jurisdiction over the individual guarantors. We have considered these contentions in the light of the record as it is presented here, and the briefs, and hold that no reversible error has been shown.
The judgment and orders appealed from are affirmed.