DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIE BARNETT MILLSAPS,**
Appellant,

v.

**KURT KALTENBACH** and **STATE FARM AUTOMOBILE INSURANCE COMPANY,**
Appellees.

Nos. 4D13-2614 and 4D14-200

[December 10, 2014]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 502011 CA000543XXXXMB.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, and Webb Millsaps of Webb Millsaps Law, PL, Boca Raton, for appellant.

Thomas Regnier and Hinda Klein of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for appellee Kurt Kaltenbach.

Warren B. Kwavnick of Cooney Trybus Kwavnick Peets, Fort Lauderdale, for appellee State Farm Mutual Automobile Insurance Company.

PER CURIAM.

Marie Barnett Millsaps ("appellant") appeals the final order of the trial court rendering judgment after a jury verdict in favor of appellee Kurt Kaltenbach ("Kaltenbach") and appellee State Farm Mutual Automobile Insurance Company ("State Farm"). This case arose from an automobile accident involving appellant and Kaltenbach. The issue presented is whether the trial court erred as a matter of law in granting a directed verdict to State Farm as to its liability on an uninsured motorist claim for the actions of an unidentified third vehicle, and in denying appellant's motion for new trial. Because we find that appellant waived these claims at trial, we affirm.

Appellant's original complaint alleged negligence against Kaltenbach for causing the accident. Kaltenbach filed an answer with an affirmative defense that he struck appellant's vehicle while taking action "to avoid contact with [the driver of the unidentified vehicle]," and did not himself fail to exercise reasonable care. Appellant filed a subsequent amended complaint that added an additional claim for uninsured/underinsured motorist coverage against State Farm under the belief that Kaltenbach was underinsured for the damages claimed, but not under the theory that State Farm would stand in the shoes of the unidentified third vehicle to compensate appellant for any percentage of the damages attributable to that driver. At trial, and over objection, appellant was permitted to amend his pleadings pursuant to rule 1.190(b) to conform to the evidence regarding the third vehicle's negligence that Kaltenbach presented during the trial, and to add that vehicle to the uninsured motorist claim against State Farm.

During the charge conference, counsel for appellant abandoned the uninsured motorist claim against State Farm for the actions of the unidentified third vehicle, and advised the court "[w]e don't want to blame the [unidentified vehicle]." As a result, the court directed a verdict in favor of State Farm on the uninsured motorist claim for the actions of the unidentified third vehicle. Appellant did not object to the directed verdict. Thereafter, proposed jury instructions and the verdict form were drafted to include the question of the unidentified driver's negligence, but only as an affirmative defense to appellant's claim against Kaltenbach. After taking time to review the proposed jury instructions and verdict form, counsel for appellant stated that he had "no objection to either the jury instructions or the verdict form." The jury's verdict found that there was no negligence on the part of Kaltenbach which was a legal cause of injury or damages to appellant. Appellant's motion for new trial was denied and this appeal ensued.

In the instant case, the court granted State Farm's motion for directed verdict as to the uninsured motorist claim against the unidentified third vehicle after appellant stated, on the record, that she did not want this claim to go to the jury, therefore essentially dismissing the claim. Counsel for appellant reviewed both the jury instructions and the verdict form before they were presented to the jury and told the trial judge that they were both acceptable. As this court stated in *Hernandez v. Gonzalez*, 124 So. 3d 988, 993 (Fla. 4th DCA 2013):

> A party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she has invited the trial court to make. *Gupton v. Village Key &*

*Saw Shop*, 656 So. 2d 475, 478 (Fla. 1995). Appellants' inability to recover certain elements of damages in this case was a foreseeable potential outcome of counsel's trial strategy and not a result of any error by the trial court. *Taylor v. Bateman*, 927 So. 2d 1024 (Fla. 4th DCA 2006); *Fuller v. Palm Auto Plaza, Inc.*, 683 So. 2d 654 (Fla. 4th DCA 1996). By seeking to have the jury decide the issue of appellees' liability for all damages rather than moving for directed verdict on any or all of those damages, appellants cannot now successfully claim error simply because the jury returned a zero verdict. *See Gupton,* 656 So. 2d at 478; *see also Sheffield v. Superior Ins. Co.,* 800 So. 2d 197, 202 (Fla. 2001) (quoting *Goodwin v. State,* 751 So. 2d 537, 544 n.8 (Fla. 1999)) (Under the rule of invited error, "'a party may not make or invite error at trial and then take advantage of the error on appeal.'").

As a result, we affirm on all issues presented.

*Affirmed.*

WARNER, TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3