DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK NATIONAL ASSOCIATION,** as Trustee on Behalf of the
Holders of CSAB Mortgage-Backed Pass-Through Certificates,
Series 2007-1,
Appellant,

v.

**ZACARIE BENOIT, MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INCORPORATED AS NOMINEE FOR FIRST INTERSTATE
FINANCIAL CORP.,** and **THACKER LIMITED PARTNERSHIP,**
Appellees.

No. 4D14-4052

[May 4, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen D. Ireland, Senior Judge; L.T. Case No. 09-1380 (11).

G. Bart Billbrough and Caroline Milewski of Billbrough & Marks, P.A., Coral Gables, for appellant.

Kendrick Almaguer, Peter Ticktin, and Joshua Bleil of The Ticktin Law Group, P.A., Deerfield Beach, for appellee Zacarie Benoit.

LEVINE, J.

The issue presented is whether a court must enforce a settlement agreement and enter consent final judgment of foreclosure when both parties mutually assent to the agreement but the plaintiff is subsequently unable to produce the original promissory note. We hold that since Florida law "highly favor[s]" settlement, the trial court erred when it refused to enforce the parties' agreement.

U.S. Bank, N.A., as trustee, filed a foreclosure action against Zacarie Benoit, the appellee. The bank attached a copy of the mortgage as well as a copy of the promissory note, endorsed in blank, to the complaint. Subsequently, the parties entered into a Settlement Agreement and Release of Claims.

In the settlement agreement, the parties stipulated that appellee executed the promissory note and mortgage, that the loan was assigned to the trust, and that appellee was in default. Appellee consented to entry of final judgment of foreclosure in favor of the bank. Appellee further agreed to release and discharge all defenses and causes of action, "whether known or unknown, foreseen or unforeseen," against the bank and trust, "notwithstanding the discovery or existence of any additional or different facts or claims."

In the agreement, the bank also warranted that it owned the right to enforce its claim against appellee and had not transferred this right. The bank also agreed to indemnify appellee should the bank have misrepresented this fact and transferred its right to enforce a claim against appellee.

When the bank moved for consent final judgment, it was then unable to produce the original note. According to the bank, it had lost the original note at some point after it had filed its complaint. The lower court denied, without prejudice, the bank's motion for entry of consent final judgment. The court also ordered the bank not to file for consent final judgment without also producing the original note and mortgage.

The case went to trial. On the day of trial, the bank was unable to show that it had possession of the original note. The lower court entered an order of involuntary dismissal. The bank now appeals.

The bank argues that the lower court should have enforced the settlement agreement notwithstanding its inability to produce the original note. We agree. Because we find this issue is dispositive, we do not need to reach the bank's other argument.

In Florida, settlement agreements are "highly favored" "and will be enforced when it is possible to do so." *Treasure Coast, Inc. v. Ludlum Constr. Co.*, 760 So. 2d 232, 234 (Fla. 4th DCA 2000). "[P]arties have broad discretion in fashioning the terms of a settlement agreement," *Aboumahboub v. Honig*, 182 So. 3d 682, 684 (Fla. 4th DCA 2015), and courts must enforce a settlement agreement so long as the parties agree on the "essential terms and seriously understand and intend to be bound by the terms," *Treasure Coast*, 760 So. 2d at 234.

We recognize that "possession of the original note is a significant fact in deciding whether the possessor is entitled to enforce its terms." *Deutsche Bank Nat'l Ass'n Trust Co. v. Clarke*, 87 So. 3d 58, 61 (Fla. 4th DCA 2012). Moreover, "a plaintiff seeking to foreclose on a defendant *must*

*produce the original note* (or provide satisfactory explanation of the failure to produce) *and surrender it to the court* or court clerk *before* the issuance of a final judgment in order to take it out of the stream of commerce." *Deutsche Bank Nat'l Trust Co. v. Huber*, 137 So. 3d 562, 564 (Fla. 4th DCA 2014).

Nevertheless, a judgment of foreclosure does not always require surrender of the original note. For example, where a plaintiff satisfies the requirements for the enforcement of a lost, destroyed, or stolen instrument, the plaintiff may foreclose on a property even where the plaintiff no longer has possession of the original note. *See* § 673.3091, Fla. Stat. (2004). The danger that the original note might be negotiated to a bona fide purchaser for value is abrogated by the requirement that the one seeking to enforce a lost note must indemnify the defendant. *Id.*; *see also* § 702.11, Fla. Stat. (2013).

Here, the parties agreed to resolve litigation through a settlement agreement and expressed their intention to be bound by the settlement agreement's terms.[1] The agreement was not specifically conditioned upon the bank's production of the original note. In fact, appellee affirmatively waived any defenses "whether known or unknown, foreseen or unforeseen." Additionally, the parties' agreement provided that the bank would indemnify appellee had the bank previously negotiated the note.

Under these particular circumstances, the lower court should have enforced the parties' agreement due to the agreement's terms and Florida's law "highly favor[ing]" settlement. *See Treasure Coast*, 760 So. 2d at 234. We therefore reverse with instruction to enforce the settlement agreement and for other proceedings consistent with this opinion.

*Reversed and remanded.*

STEVENSON and GERBER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Appellee argues for the first time on appeal that the bank misrepresented that it possessed the original note so as to induce appellee's acceptance of the settlement agreement. We do not address this argument because appellee did not properly raise it in the lower court.