CIKLIN, C.J.
Victoria Craven-Lazarus (“the homeowner”) timely appeals a final summary judgment of foreclosure entered in favor of PennyMac Holdings, LLC (“PennyMac”). We agree with the homeowner’s argument that summary judgment was improperly entered because her affirmative defense of lack of standing was not refuted, and therefore reverse.
The original plaintiff in the action below was JPMorgan Chase Bank (“JPMorgan”). A copy of the note with a blank endorsement was attached to the complaint. JPMorgan asserted in the initial complaint that it was “entitled to enforce the Note as a holder in possession.”
Later, PennyMac was substituted as the plaintiff. PennyMac moved for final summary judgment, attaching several affidavits in support of its motion. In one affidavit, an officer of PennyMac attested, “Plaintiff holds the promissory note for this Loan and held the note prior to the filing of this foreclosure action.” After a hearing, the trial court granted final summary judgment in favor of PennyMac.
We review an order granting summary judgment de novo. O’Malley v. Ranger Const. Indus., Inc., 133 So.3d 1053, 1055 (Fla. 4th DCA 2014) (citation omitted).
[“jSummary judgment is appropriate only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Additionally, all inferences must be made in favor of the non-moving party.” Cohen v. Arvin, 878 So.2d 403, 405 (Fla. 4th DCA 2004) (citations omitted). “A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (citation omitted).
Id. “[T]he burden is upon the moving party to show conclusively the complete absence of any genuine issue of material fact.” Harvey v. Deutsche Bank Nat’l Trust Co., 69 So.3d 300, 303 (Fla. 4th DCA 2011) (citation omitted).
“A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose” at the time the complaint is filed. McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). “ ‘A plaintiff alleging standing as a holder must prove it is a holder of the note and mortgage both as of the time of trial and also that [it] had standing as of the time the foreclosure complaint was filed.’ ” Peoples v. Sami II Trust 2006-AR6, 178 So.3d 67, 69 (Fla. 4th DCA 2015) (alteration in original) (quoting Kiefert v. Nationstar Mortg., LLC, 153 So.3d 351, 352-54 (Fla. 1st DCA 2014)).
*1031 We find that PennyMac failed to meet its burden of establishing the absence of an issue of fact regarding standing. After being substituted as plaintiff, PennyMac filed an affidavit in support of summary judgment stating, “Plaintiff holds the promissory note for this Loan and held the note prior to the filing of this foreclosure action.” The plain language of the affidavit suggests that PennyMac, as the current plaintiff, held the note at the time the affidavit was filed and at the time the complaint was filed, which would negate JPMorgan’s standing át the time suit was filed. Accordingly, the fact of who held the note at the time the complaint was filed was not crystallized as of the time of summary judgment.
The material issue of fact regarding standing at the inception of suit should have precluded summary judgment. Although PennyMac is correct that attaching a copy of a note endorsed in blank to the complaint and filing the original note in the same condition as the copy attached to the complaint is generally sufficient to establish standing, see Ortiz v. PNC Bank, Nat’l Ass’n, 188 So.3d 923, 925 (Fla. 4th DCA 2016), under these facts, those practices did not neutralize the conflict between the affidavit and allegations of the complaint regarding the identity of the party who held the note at the time the complaint was filed.
Accordingly, we must reverse and remand for further proceedings. We additionally find that the remaining issue raised by the homeowner is without merit.

Reversed and remanded for further proceedings.

WARNER and GERBER, JJ., concur.