DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FREDERICK SABIDO** and **JONELLE SABIDO,**
Appellants,

v.

**THE BANK OF NEW YORK MELLON** f/k/a **THE BANK OF NEW YORK, SUCCESSOR TO JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CWALT, INC., ALTERNATIVE LOAN TRUST 2007-J1, L'HERMITAGE COMMUNITY ASSOCIATION, INC.,** and **CITIBANK,N.A.,**
Appellees.

No. 4D16-2944

[February 7, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry Stone, Senior Judge; L.T. Case No. CACE 14-008945.

Roy D. Oppenheim, Geoffrey E. Sherman, Jacquelyn Trask, and Yanina Zilberman of Oppenheim Pilelsky, P.A., Weston, for appellants.

Elliot B. Kula, W. Aaron Daniel, and William D. Mueller of Kula & Associates, P.A., Miami, for appellee, The Bank of New York Mellon.

### *ON MOTION FOR CLARIFICATION AND RECONSIDERATION*

GROSS, J.

The borrowers move for clarification and reconsideration of our order denying their motion for appellate attorney's fees. We grant the motion for clarification and deny the motion for reconsideration, holding that where the plaintiff bank failed to comply with the requirements of the lost note statute, requiring the dismissal of their mortgage foreclosure case, the borrowers are not entitled to recover attorney's fees under the terms of the mortgage to which the plaintiff bank was not a signatory.

Prior to disposition of the underlying appeal, the borrowers timely moved for appellate attorney's fees, citing as their basis for entitlement

Florida Statute section 57.105(7) together with language in the mortgage providing for fees to the lender in the event of the borrowers' default.

In the underlying appeal, we reversed the trial court's final judgment of foreclosure, finding that the plaintiff, the Bank of New York Mellon, failed to establish its entitlement to enforce the note under the lost note statute. *Sabido v. Bank of New York Mellon*, No. 4D16-2944, 2017 WL 6506443 (Fla. 4th DCA December 20, 2017). While the borrowers prevailed on appeal, we issued a separate order summarily denying their motion for attorney's fees.

To clarify, the borrowers' motion for fees was based on a contract — the mortgage — between the borrowers and Washington Mutual, not the plaintiff in this case. The borrowers argued at trial and on appeal that the Bank of New York Mellon was not in possession of the original note and was not entitled to enforce it under the lost note statute. On appeal, the borrowers prevailed on this issue.

In their motion for reconsideration, the borrowers argue that they are entitled to enforce the attorney's fee provision in the mortgage against the Bank of New York Mellon. It is significant that the Bank of New York Mellon was not a signatory to the note or the mortgage, and failed to establish its entitlement to enforce either against the borrowers.

The borrowers interpret our holding in *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017) as precluding an award of attorney's fees to a prevailing borrower *only* if the borrower prevailed because the bank failed to prove standing. Yet nothing in *Glass* limits the holding to the standing issue. The holding in *Glass* was broader, focusing on a failure to prove entitlement to enforce a mortgage and note:

> [W]here the foreclosing plaintiff does not establish its *right to enforce* the mortgage note at the time of filing of the suit, there is no ability to enforce the terms of the note, including the provision regarding attorney's fees.
>
> Simply put, to be entitled to fees . . . the movant must establish that the parties to the suit are also *entitled to enforce* the contract containing the fee provision.

*Id.* at 898, 899 (emphasis added).

Here, the borrowers successfully argued that the Bank of New York Mellon failed to establish its entitlement to enforce the note and mortgage.

"[W]here a party prevails by arguing the plaintiff failed to establish it had the right pursuant to the contract to bring the action, the party cannot simultaneously seek to take advantage of a fee provision in that same contract." *Id.* at 898.

The borrowers' motion for fees is denied because the Bank of New York Mellon was not a party to the note and mortgage, and because the borrowers successfully argued that the Bank of New York Mellon was not entitled to enforce the instrument containing the attorney fee provision.

*Motion for clarification granted; motion for reconsideration denied.*

MAY and KLINGENSMITH, JJ., concur.

\*    \*    \*