DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE TORRES,**
Appellant,

v.

**BANK OF NEW YORK** As Trustee For **THE CERTIFICATE HOLDERS CWABS, INC. ASSET BACKED CERTIFICATES SERIES 2006-26,**
Appellee.

No. 4D17-1625

[August 22, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 07-026252 CACE (14).

Kendrick Almaguer and Peter Ticktin of The Ticktin Law Group, P.L.L.C., Deerfield Beach, for appellant.

J. Kirby McDonough of Quarles & Brady, LLP, Tampa, for appellee.

PER CURIAM.

Jose Torres ("the homeowner") appeals an order denying his motion for attorneys' fees and costs rendered in favor of the Bank of New York as Trustee ("the bank") following an involuntary dismissal of the bank's foreclosure action. We affirm in part and reverse in part.

First, we affirm the denial of attorneys' fees. Because the homeowner prevailed on an argument that the bank failed to prove entitlement to enforce the note and mortgage, the homeowner cannot now seek to take advantage of the fee provisions of the note and mortgage. *See Sabido v. Bank of N.Y. Mellon*, 238 So. 3d 867, 868-69 (Fla. 4th DCA 2018); *Nationstar Mortg. LLC v. Glass*, 219 So. 3d 896, 898 (Fla. 4th DCA 2017), *review granted*, No. SC17-1387, 2018 WL 2069328 (Fla. Feb. 13, 2018).

However, we reverse the denial of costs. Florida Rule of Civil Procedure 1.420 provides in relevant part, "Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of

costs." Fla. R. Civ. P. 1.420(d); *see also* § 57.041(1), Fla. Stat. (2017) ("The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment . . . ."). Because the case was involuntarily dismissed, the homeowner is entitled to taxable costs.

In this situation, any costs awardable to the homeowner flow from rule 1.420 and not from the subject mortgage and/or note.

We therefore remand for the trial court to consider what costs should be awarded as authorized by the Uniform Guidelines for Taxation of Costs in Civil Actions.[1]

*Affirmed in part; reversed in part.*

GERBER, C.J., GROSS and CIKLIN, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Fla. R. Civ. P. Taxation of Costs.