DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK JOEL FASSY,**
Appellant,

v.

**THE BANK OF NEW YORK MELLON, SUCCESSOR BY MERGER TO THE BANK OF NEW YORK** as Successor in Interest to **JPMORGAN CHASE BANK NA** as Trustee for **STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST 2005-9, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-9,**
Appellee.

No. 4D18-1548

[June 5, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 50-2012-CA-018474-AA.

Mysha F. Browning and Kendrick Almaguer of The Ticktin Law Group, Deerfield Beach, for appellant.

Brandi Wilson of DeLuca Law Group, PLLC, Fort Lauderdale, for appellee.

CONNER, J.

Mark Joel Fassy ("the Borrower") appeals the trial court's order denying his motion for attorney's fees and costs after he successfully obtained an involuntary dismissal of the Bank of New York Mellon's ("the Bank") mortgage foreclosure complaint. The case proceeded to a nonjury trial. After the Bank presented its evidence, the Borrower moved for involuntary dismissal, arguing a lack of standing at the time suit was filed. The trial court entered a written order granting the motion, simply stating that the "case is involuntarily dismissed." However, it is clear from the portion of the trial transcript addressing the motion for involuntary dismissal that the trial court agreed with the Borrower's arguments that the Bank failed to prove standing at the time suit was filed.

After the trial court dismissed the case, the Borrower moved to tax costs and attorney's fees. The trial court entered an order denying both the motion for fees and the motion for costs. We affirm the denial of the fee motion without discussion. We reverse the denial of the motion for costs.

We reject the Bank's argument that the Borrower's arguments on appeal regarding costs are not preserved. The Borrower's motion specifically referenced Florida Rule of Civil Procedure 1.420 (albeit in the context of trying to obtain an award of attorney's fees as an element of costs).

Rule 1.420(d) clearly provides that "[c]osts in any action dismissed under this rule *shall* be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs." Fla. R. Civ. P. 1.420(d) (emphasis added). In the instant case, the record is clear that the trial court granted an involuntary dismissal under Florida Rule of Civil Procedure 1.420(b) after the Bank completed its presentation of evidence in a nonjury trial. "Because the case was involuntarily dismissed, the homeowner is entitled to taxable costs [under rule 1.420(d)]." *Torres v. Bank of N.Y.*, 252 So. 3d 274, 274 (Fla. 4th DCA 2018). Similar to the situation in *Torres*, "any costs awardable to the homeowner flow from rule 1.420 and not from the subject mortgage and/or note." *Id.*

We affirm the trial court's denial of the motion for attorney's fees. We reverse the trial court's denial of the motion for costs and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

GERBER, C.J., and MAY, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**